# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| CHARLES E. JACKSON, | ) |
| Petitioner, | ) |
| vs. | ) CAUSE NO. 3:12-CV-515 PS |
| SUPERINTENDENT, | ) |
| Respondent. | ) |

## OPINION AND ORDER

Charles E. Jackson, a *pro se* prisoner, filed a habeas corpus petition and paid the $5.00 filing fee.[1] In the petition, he is attempting to challenge his conviction and eighteen-year sentence by the St. Joseph Superior Court under cause number 71D08-0503-FB-19. For the reasons explained in detail below, however, I find that Jackson's claim is time-barred by the statute of limitations.

Pursuant to 28 U.S.C. § 2244(d), habeas corpus petitions are subject to a one-year statute of limitations, though the date when that one-year period begins to run depends on a variety of factors:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] The filing fee was paid on October 24, 2012, but the receipt was not docketed until November 16, 2012. Because of that delay, I was unaware that the fee had been paid when I issued a show cause order on November 6, 2012. In that order, I asked Jackson to explain why the fee had not been paid. Because the fee has been paid, it is unnecessary for Jackson to respond to that prior show cause order.

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). There is nothing in Jackson's filing that indicate that the state prevented Jackson from filing a habeas petition sooner (subsection 1(B)), that his claims are based on a newly recognized Constitutional right (subsection 1(C)), or that his claims are based on newly discovered evidence (subsection 1(D)). Therefore, subsection 1(A) applies here, and Jackson's one-year period began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . .."

To understand when the judgment against Jackson "became final," it is necessary to trace the history of his petitions and appeals through state court. Jackson was convicted of felony battery on November 9, 2006 and sentenced to 18 years in prison on November 30, 2006. He then took a direct appeal to the Court of Appeals of Indiana, which affirmed on July 5, 2007. He next petitioned for transfer to the Indiana Supreme Court, but was denied on September 25, 2007. *Jackson v. State*, 71A03-0612-CR-614 (Ind. Ct. App. filed December 11, 2006) <u>docket sheet available at Indiana Clerk of Courts Online Docket</u>, <u>http://hats.courts.state.in.us/ISC3RUS/ISC2menu.jsp</u>. Jackson then had 90 days – until

December 24, 2007 – to petition for certiorari to the United States Supreme Court. See Sup. Ct. R. 13(1). Jackson did not file any such petition with the Supreme Court so, under § 2244(d)(1)(A), his conviction became final on December 24, 2007. As a result Jackson's one-year period to file his habeas corpus petition began on December 25, 2007. *See Gonzalez v. Thaler*, 565 U.S. __, __; 132 S. Ct. 641, 653-54 (2012). ("[T]he judgment becomes final . . . when the time for pursuing direct review . . . expires.").

On March 28, 2008, Jackson filed a post-conviction relief petition in state court. [ECF 1-1 at 2.] That filing tolled his 365-day limitation period. *See* 28 U.S.C. § 2244(d)(2). But while the March 28, 2008 filing tolled Jackson's 365 days, at that point 94 of his days had already elapsed (the days between December 25, 2007 and March 28, 2008). *See De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009) ("[W]hat subsection [28 U.S.C. § 2244(d)](2) does is *exclude* particular time from the year, not restart that year.") (emphasis in original). This meant that Jackson's limitations period was now down to 271 days and would restart whenever the state court ruled on his post-conviction motion.

Jackson got his ruling on December 1, 2011, when the St. Joseph Superior Court denied his post-conviction relief petition. [ECF 1-1 at 1-10.] Thus, the 271 days left on his one-year period of limitation began again on December 2, 2011 and expired on August 28, 2012 (271 days later). Jackson declared that he placed his habeas corpus petition in this case in the prison mail system on September 11, 2012 [ECF 1 at 10], and that is the relevant date for calculating whether his filing was timely. *See Mayle v. Felix*, 545 U.S. 644, 654 (2005) (The principles of "relation back" embodied in Federal Rule of Civil Procedure 15 apply to habeas corpus cases.); *Jones v. Bertrand*, 171 F.3d 499, 502 (7th Cir. 1999) (Prisoners are entitled to the mailbox rule

3

when filing habeas corpus petitions.). Since his one-year period of limitation expired on August 28, 2012, his filing with this court on September 11, 2012 was fourteen days too late.

There are two arguments that Jackson could make that his limitation period was extended at various points between 2008 and 2012, but both are unpersuasive. First, on May 16, 2008, Jackson did seek to have the Indiana Supreme Court reconsider its September 25, 2007 denial of his petition to transfer, but Jackson's motion was rejected as untimely. Because it was not properly filed, the motion to reconsider did not extend the time pursuant to 28 U.S.C. § 2244(d)(1)(A). *See Gray v. Briley*, 305 F.3d 777, 779 (7th Cir. 2002) ("It has been clear for some time that a state is entitled to insist that its rules for timely filing of petitions be respected."). *Cf. Martinez v. Jones*, 556 F.3d 637, 638-639 (7th Cir. 2009) (A request to file a successive post-conviction petition does not toll the statute of limitations unless the State court grants permission to do so.).

Second, Jackson indicates on his habeas corpus petition that he appealed the St. Joseph Superior Court's December 1, 2011 denial of his post-conviction relief petition to the Court of Appeals of Indiana under cause number 71A03-1204-SP-203. If Jackson had appealed that denial, his limitations period would have been further tolled. The record, however, shows that Jackson did *not* appeal St. Joseph Superior Court's December 1, 2011 denial of his post-conviction relief petition.

Here's what happened in state court after the December 1, 2011 denial. On April 26, 2012, Jackson filed a petition with the Court of Appeals of Indiana, seeking leave to file a successive post-conviction petition. *See Jackson v. State*, 71A03-1204-SP-203 (Ind. Ct. App. filed April 26, 2012). That request was denied, however, in an order from an Indiana Appeals

4

Court dated June 15, 2012. [ECF 1-1 at 11]. Seeking leave to file successive post-conviction petitions is not an appeal. Indeed, the designation "SP" in the docket number of the Appeals Court case indicates that it is a proceeding related to a "Successive Petition," as opposed to proceedings appealing from the denial of a post-conviction petition, which are coded with the letters "PC." *See* Indiana Administrative Rule 8.1(B)(3). The Online Docket confirms that Jackson never filed an appeal in his post-conviction case. *See* http://hats.courts.state.in.us/ISC3RUS/ISC2menu.jsp, *Jackson v. State*, 71A03-1204-SP-203 (Ind. Ct. App. filed April 26, 2012). Moreover, the Seventh Circuit has been clear that the June 15, 2012 order denying Jackson leave to file a successive post-conviction petition does not toll the limitations period. *See Martinez*, 556 F.3d at 638-639 ("[W]e have clearly held that where state law requires pre-filing authorization – such as an application for permission to file a successive petition – simply taking steps to fulfill this requirement does not toll the statute of limitations. Instead the second petition tolls the limitations period only if the state court grants permission to file it.") (citations omitted). Therefore, there is no evidence that Jackson appealed the St. Joseph Superior Court's December 1, 2011 denial and the June 15, 2012 order does not toll the limitations period.

Thus, to reiterate, the 271 days left on Jackson's one-year period of limitation began again on December 2, 2011 (after the St. Joseph Superior Court's denial), which means that his limitations period expired on August 28, 2012 and his filing with this court on September 11, 2012 was fourteen days too late. At this point, then, the only statute-of-limitations principle that would help Jackson is equitable tolling. However, Jackson has presented nothing to indicate that equitable tolling could be properly applied in this case, and I can find no reason to do so.

5

Equitable tolling is a common law doctrine that may be applied to excuse an untimely filing if the petitioner can establish that he pursued his rights diligently but was unable to file on time due to some extraordinary circumstance that stood in his way. *Holland v. Florida*, 560 US ___, 130 S. Ct. 2549 (2010). However, equitable tolling is rarely granted, and it is reserved for truly extraordinary cases. *Simms v. Acevedo*, 595 F.3d 774, 781 (7th Cir. 2010). Here, Jackson had 271 days to file a habeas corpus petition after his post-conviction relief petition was denied. The three claims he is attempting to present in this habeas corpus petition had already been developed in his state court filings. Moreover, it is clear that he was not prevented from filing during those nine months because, as outlined above, on April 26, 2012 he filed a petition with the Court of Appeals of Indiana seeking leave to file a successive post-conviction relief petition. It is possible that he did not understand the deadline requirements, but a prisoner's lack of knowledge of the law is not the type of extraordinary circumstance that warrants equitable tolling. *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008) (prisoner's limited legal resources and lack of knowledge of the law did not constitute extraordinary circumstances warranting equitable tolling); *Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006) (lack of knowledge of the law was not ground for equitable tolling). Neither is a miscalculation of the deadline nor waiting until the last minute to file. *Griffith v. Rednour*, 614 F.3d 328, 331 (7th Cir. 2010) ("[T]his kind of negligence is not 'extraordinary' by any means. Such a blunder does not extend the time for filing a collateral attack.").

Though the result here is harsh, deadlines exist for a reason, and no matter where a deadline is set there will even be those who miss it by one day.

> Foreclosing litigants from bringing their claim because they missed the filing
> deadline by one day may seem harsh, but courts have to draw lines somewhere,

> statutes of limitation protect important social interests, and limitation periods work both ways – you can be sure [the petitioner] would not be pooh-poohing the prosecution's tardiness if [he] had been indicted one day after the statute of limitations expired for [his] crimes.

*United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (citation omitted). *See also Simms v. Acevedo*, 595 F.3d 774 (7th Cir. 2010). Therefore, because the habeas corpus petition was filed fourteen days late, this case will be dismissed because the petition was untimely.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This habeas corpus petition was filed after the expiration of the one-year period of limitation. Because there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling, a certificate of appealability must be denied.

For the foregoing reasons, the court **DISMISSES** this habeas corpus petition as untimely pursuant to Section 2254 Habeas Corpus Rule 4 and **DENIES** a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11.

**SO ORDERED.**

**ENTERED**: December 14, 2012           s/ Philip P. Simon
                                         PHILIP P. SIMON, CHIEF JUDGE
                                         UNITED STATES DISTRICT COURT